BEAULIEU, Respondent, v. MINNEHOMA INSURANCE
COMPANY, Appellant.

*No. 168. Argued October 2, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 348.)

For the appellant there was a brief by *Heide, Sheldon, Hartley & Thom* and *S. Michael Wilk,* all of Kenosha, and oral argument by *Mr. Wilk.*

For the respondent there was a brief by *Heft, Coates, Heft, Henzl & Bichler* and *Robert H. Bichler,* all of Racine, and oral argument by *Robert H. Bichler.*

HANLEY, J. The sole issue raised upon this appeal is whether the loss sustained was within the comprehensive coverage of the insurance policy.

The facts are not in dispute. The standard policy written by the defendant contained several coverages of which the following are pertinent to this dispute:

Coverage A

"3. Comprehensive Loss of or Damage to the Mobile Home, Except by Collision or Upset: To pay for direct and accidental loss of or damage to the mobile home, hereinafter called loss, except loss caused by collision of the mobile home with another object or by upset of the mobile home or by collision of the mobile home with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset,"

and Coverage B

"Collision or Upset: To pay for direct and accidental loss of or damage to the mobile home, hereinafter called loss, caused by collision of the mobile home with another object or by upset of the mobile home, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

The plaintiff, however, did not contemplate transporting his mobile trailer from the trailer camp at which it was located, and he purchased only Coverage A.

The defendant claims that the damage was a result of a "collision" and that since Coverage B was not in effect there is no right of recovery.

The determination of the issue involves the construction of the insurance policy. Defendant would have this court apply the dictionary definition to the word "collision" as used in the insurance policy. We are concerned here with the sense in which the parties used the terms "collision" and "missile." Webster's New International Dictionary (3d ed., unabridged) defines the two terms as follows:

"**Collision:** the action or an instance of colliding, violent encounter, or forceful striking together typically by accident and so as to harm or impede (a collision between the two ships) (the collision of the car with the trolley) : a clashing meeting: a coming together of things opposed or diverse . . ."

"**Missile:** a weapon or other object thrown or projected . . ."

Strict application of the above definition of "collision" would result in a situation wherein the provision for loss caused by "missiles" would be rendered meaningless. Yet loss caused by missiles is expressly insured against by Coverage A.

Assuming the broadest definition for the word "collision," the conclusion is inevitable that certain types of collision, namely, those between a missile and a mobile home, are covered by the comprehensive coverage provision of the policy.

As indicated by the plaintiff, a mobile home has a dual nature. It is designed as a house; yet, unlike a house, it is also capable of being easily transported. In the instant case, it was employed solely as an economical means of housing. It was never moved, nor was moving contemplated at the time the insurance coverage was procured.

Under the comprehensive coverage we conclude the term "collision" relates to (1) Impact between the mobile home and another vehicle or object moving upon the highway; or (2) impact between the insured mobile home and a stationary object or obstacle on or off the highway. We think that it was the intent of the policy to provide coverage in cases where an object is hurled against the mobile home, and this regardless of the size of the object. Here a parked vehicle was hurled against the located mobile home. It follows that judgment must be affirmed.

*By the Court.*—Judgment affirmed.